C. GRELLET, Respondent, *v.* J. H. HEILSHORN *et als.*, Appellants.

Record of Deeds Intended for Mortgages as Notice. The statute concerning conveyances has no provisions similar to those of the New York statutes, under which it is, in that State, held that the record of a deed, absolute upon its face, though intended as a mortgage, gives no notice to a subsequent mortgagee.

Record of Conveyances in General as Notice. In this State both subsequent purchasers and mortgagees have constructive notice under the statute of every properly recorded conveyance affecting real estate.

Liens of Deeds Intended as Mortgages. Where the owner of real estate made a deed of the same absolute upon its face, but intended as a mortgage, and the same was recorded as a deed, and afterwards he made a formal mortgage upon the same property : *Held*, that the latter instrument was taken with constructive notice of, and subject to the lien of, the former.

CONSTRUCTIVE NOTICE BY RECORD ENTIRELY STATUTORY. The matter of constructive notice by the record of conveyance is entirely a creature of statute; and its effect is to be gathered from construction of the statute.

HOLDING OF LEGAL AND EQUITABLE TITLES WITHOUT MERGER. Where Heilshorn made a deed of real estate absolute upon its face, but intended as a mortgage to secure certain promissory notes to Grellet, and afterwards made a formal mortgage of the same property to Dohle; and subsequently Grellet assigned his note and interests in the property to Stevenot, who in a few days afterwards also procured a deed of the property from Heilshorn, and then reassigned the mortgage interest to Grellet, who commenced a foreclosure suit: *Held*, that there was no merger of the equitable title into the legal title in the hands of Stevenot, so as to give the Dohle mortgage priority to the Grellet mortgage.

MERGER NOT FAVORED IN EQUITY. Mergers are not favored in equity, and are not allowed unless to promote the intention either averred or presumed of the party.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an action to foreclose a mortgage on certain lots of land in Virginia City, brought against J. H. Heilshorn, John Dohle, G. Stevenot, and W. C. Ralston. The Court below found that the conveyance to Grellet and Gagnon was a mortgage, and decreed that the same be foreclosed, as to the nine-fifteenth parts thereof, in favor of Grellet; and such interest in the property be sold to pay the sum due on the Grellet note, then amounting, with interest at the rate of three and a half per cent. per month, to twenty-six thousand six hundred and ten dollars, and any surplus be applied to pay the Dohle note, then amounting, with interest at the rate of three per cent. per month, to twenty-four hundred and ten dollars.

*R. H. Taylor*, for Appellant Dohle.

## I.

By the deed of Heilshorn and wife to Stevenot, the mortgage which he (Stevenot) then held became extinguished. The general rule is, that where the legal and equitable title are both united in the same person, in the same right, the equitable is merged in the legal title, and is extinguished by the unity of seisin. (*Nicholson* v. *Halsey*, 1 Johns. Ch. 417; *Gardner* v. *Astor*, 3 Id. 54; *Starr*

v. *Ellis*, 6 Id. 393 ; 1 Hilliard Mortgages, 330, Sec. 64 ; Willard Eq. Jur. 425 ; *Eaton* v. *George*, 2 N. H. 300.)

## II.

This case does not come within any exception to the general rule. To prevent a merger there must be a decisive intention of the mortgagee to keep the titles separate ; or it must appear that the situation of the estate or the interest of the mortgagee requires that the legal and equitable estates should be kept distinct ; or that by reason of infancy, lunacy, or other disability, the mortgagee is unable to make an election. ' (*James* v. *Johnson*, 6 Johns. Ch. 417 ; *James* v. *Morey*, 2 Cow. 246 ; *Duncan* v. *Drury*, 9 Barr, 332 ; 2 Story Eq. Jur. § 1035, *b ;* 1 Hilliard Mortgages, 330, Sec. 64.)

Here there is no showing of an intention to keep the estates distinct. The presumption is, that it was for Stevenot's interest that the equitable title should sink, because by the deed to him he became entitled to the possession and the *rents and profits* of the property.

## III.

The legal estate having been acquired by Stevenot, and the equitable estate being thus merged, could not be revived by his reassignment to plaintiff. (*James* v. *Morey*, 2 Cow. 319 ; 2 Bl. Com. 177.)

## IV.

The conveyance of Heilshorn and wife to Grellet is an *absolute deed*, and was recorded as such ; the record therefore imparted no constructive notice of a *mortgage*. Nor is there any proof of actual notice to defendant Dohle. A subsequent incumbrancer is not bound to search for *deeds*, in order to be protected against the operation of a mortgage. This ground is tenable, notwithstanding the fact that our statutes omit to specify books which County Recorders shall use, for it is not the *book* but the *character of the instrument* which is to be looked to. (*Dey* v. *Dunham*, 2 Johns. Ch. 189 ; *James* v. *Johnson*, 6 Id. 422 ; *Dunham* v. *Dey*, 15 Johns. 568 ; *Brown* v. *Dean*, 3 Wend. 213 ; *James* v. *Morey*, 2 Cow. 316 ; *White* v. *Moore*, 1 Paige, 533.)

## V.

The decree in this case is for the sale of nine-fifteenths of the property to satisfy plaintiff's demand.    Even according to the theory upon which the decree is based, six-fifteenths should be sold to satisfy the mortgage of defendant Dohle.

*Hillyer, Wood and Deal,* for Respondent.

## I.

The deed from Heilshorn and wife to Grellet and Gagnon was a mortgage.    (*Blair* v. *Bass*, 4 Blackf. Ind. 539 ;  6 Blackf. Id. 113 ;  *Hurbison* v. *Lemon*, 3 Blackf. Id. 51 ;  *Pierce* v. *Robinson*, 13 Cal. 125 ;  *Murray* v. *Walker*, 31 N. Y. 399 ;  *Clark* v. *Henry*, 2 Cow. 326.)

The deed was of record at the time when Dohle took his mortgage and gave him notice of Grellet and Gagnon's interest in the premises.   The presumption is that Dohle knew the nature of Grellet and Gagnon's estate in the premises or he would not have loaned money on the property.

## II.

The equitable title did not become merged in the legal title by the deed from Heilshorn and wife to Stevenot:

1st. Because it was the intention of Stevenot to keep the legal and equitable estates distinct.   This intention was manifested by his assignment of the deed from Heilshorn to Grellet back to Grellet.   (*James* v. *Morey*, 2 Cow. 282 ;  *Mickels* v. *Townsend*, 18 N. Y. 584.)

Courts of equity do not favor mergers, and where the intention of the party beneficially interested is to keep the two estates distinct, the Courts will hold that the estates do not merge.   (1 Co. Litt. 338, f. note 42, Am. Ed.; *Gibson* v. *Crehore*, 3 Pick. 482 ; *Millspaugh* v. *McBride*, 7 Paige, 509 ;  *Hunt* v. *Hunt*, 14 Pick. 383 ;  *Champney* v. *Cooper*, 32 N. Y. 549 ;  *Cooke* v. *Brightly*, 46 Penn. S. R. 439 ; *Earle* v. *Washburne*, 7 Allen, 95 ; 2 Washburn on R. P. 203.)

2d. The intention to keep the two estates separate is presumed

where it is for the interest of the party that they should be kept separate. (*Mallory* v. *Hitchcock*, 29 Conn. 127; 2 Vesey, Jr. 262; *Lord Compton* v. *Oxendler*, 1 Watts & Serg. 485; *Gibson* v. *Crehore*, 3 Pick. 482; *Forbes* v. *Moffatt*, 18 Vesey, Jr. 390.)

In this case it was manifestly for the interest of Stevenot that the mortgage should not be extinguished, as the mortgage of Dohle was a subsisting lien upon the property, and he would have been obliged to satisfy it before the property would have been free from incumbrance. That there was no intention that a merger should take place is further shown by the fact that the notes were never surrendered to Heilshorn for which the mortgage was given as security.

By the Court, WHITMAN, J.

This appeal is on the part of John Dohle, impleaded as defendant alleged to have some interest in certain realty, subsequent to plaintiff's mortgage sought to be foreclosed, and for which decree was rendered in this action. The facts are as follows: On the 9th of September, 1863, defendant Heilshorn and wife, for the consideration of fifteen thousand dollars, executed to the plaintiff and one J. B. Gagnon a conveyance, upon its face an absolute deed, of certain real property—nine-fifteenths undivided to Grellet, six to Gagnon. This conveyance was duly recorded at its date. On the same day Heilshorn executed his notes, one for nine thousand dollars to Grellet, one for six thousand dollars to Gagnon; and Grellet and Gagnon united in the execution to Heilshorn and wife of a defeasance; this was never recorded. On the 1st of June, 1864, Heilshorn and wife mortgaged a portion of the same property to defendant Dohle for one thousand dollars. On the 30th of January previous they had mortgaged the whole to Stateler and Arrington for one thousand dollars; this mortgage was afterward assigned to defendant Ralston. On the 15th of June, 1864, Grellet assigned the nine-thousand-dollar note and his interest in the mortgage to one Stevenot. On the 20th of the same month, Heilshorn and wife conveyed the property to Stevenot. On the 6th of July, 1867, Stevenot reassigned to Grellet. On the 20th of the same month, he commenced suit of foreclosure on

the Grellet conveyance, which was dismissed on the 5th of August following ; and on the 23d of the same month the present action was instituted.   All the defendants have suffered default except Dohle.   He does not deny that the conveyance of September 9th, 1863, was a mortgage, but contends that its record imparted no notice to him, and therefore his mortgage is the prior lien upon that portion of the property described therein.   Again, that the acceptance of the deed of the 20th of June, 1864, by Stevenot, worked a merger of the Grellet mortgage.

The doctrine so frequently decided in New York, that a recorded deed, absolute on its face, though intended as a mortgage, gives no notice to a subsequent mortgagee, is relied upon to sustain Dohle's position, but that doctrine is based upon statutory provisions entirely unlike that of this State.   These are the sections of the statute of New York touching the matter: Sec. 2.  " Different sets of books shall be provided by the clerks of the several counties, for the recording of deeds and mortgages ; in one of which sets all conveyances, absolute in their terms, and not intended as mortgages, or as securities in the nature of mortgages, shall be recorded ; and in the other set such mortgages and securities shall be recorded." Sec. 3.  " Every deed conveying real estate which by any other instrument in writing shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage ; and the person for whose benefit such deed shall be made shall not derive any advantage from the recording thereof, unless every writing operating as a defeasance of the same, or explanatory of its being designed to have the effect only of a mortgage, or conditional deed, be also recorded therein, and at the same time."   The Act of this State concerning conveyances has nothing similar ; but has this : Sec. 25.  " Every such conveyance, or instrument of writing, acknowledged or proved and certified, and recorded in the manner prescribed in this Act, shall from the time of filing the same with the Recorder for record impart notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice."   That is both classes of subsequent claimants have notice of every properly recorded conveyance affecting the property.

In this case Dohle had notice of the contents of the Grellet conveyance; he was not advised by such notice that it was a mortgage, but a deed absolute; then taking a mortgage he did so at the risk of no title in his mortgagor, and he suffers no injury when time proves that his security was better than he had a legal right to suppose.

In New York the case would have been entirely different; first, because each class of instruments being recorded in separate books no search was required save in the book devoted to mortgages; second, such an instrument as the Grellet conveyance, even when recorded without the accompanying defeasance, would impart no notice; and third, no such provision as the one before cited from the statutes of Nevada exists in New York. This matter of constructive notice is entirely a creation of statute; and from that of Nevada the conclusion is that Dohle had notice of a deed absolute, that he suffers no injury from the fact that it was a mortgage, wherefore it would be wrong to parties doing him no injury to prefer his mortgage; and that such is not the meaning of the statute.

Was a merger of the legal and equitable titles worked in Stevenot by the deed of June 20th, 1864? Mr. Washburn in his Treatise on the American Law of Real Property, at page 203, says: " But to have the union operate a merger the estates must unite in one and the same person, having a commensurate and co-extensive interest in each, with no intervening interest in another. A legal estate in fee in one who has only a partial equitable interest, or *vice versa*, would not merge."

That is this case. Mergers are not favored in equity, and are there never allowed unless to promote the intention either averred or presumed of the party. ( *Cook* v. *Brightly*, 46 Penn. S. R. 444; *Gibson* v. *Crehore*, 3 Pick. 482; *Mallory* v. *Hitchcock*, 29 Conn. 134.) In *Forbes* v. *Moffatt*, (18 Ves. Jr. 390) a leading case, the rule is thus stated: " It is very clear that a person becoming entitled to an estate, subject to a charge for his own benefit, may, if he choose, at once take the estate and keep up the charge. Upon this subject a Court of equity is not guided by the rules of law. It will sometimes hold a charge extinguished when it would

Grellet *v.* Heilshorn.

subsist at law, and sometimes preserve it when at law it would be merged. The question is upon the intention, actual or presumed, of the person in whom the interests are united. In most instances it is with reference to the party himself of no sort of use to have a charge on his own estate; and when that is the case it will be held to sink, unless something shall have been done by him to keep it on foot."

Apply the rule to the facts of the present case. Stevenot never surrendered the Grellet note; commenced suit to foreclose, which was dismissed, as must be inferred, because he had previously re- assigned to Grellet, and suffered default in the present·action. A merger rendered the estate presently liable for the amount of the Stateler and Arrington and Dohle mortgages. It has been argued that by deed Stevenot was entitled to possession, and that the rents and profits consequent thereon would more than relieve the burden of the two mortgages, and therefore the interest of Stevenot was to merge. There is no proof that the property produced any income. From the facts of the case no actual intent to merge is shown, and none can properly be presumed.

The decree of the District Court is therefore correct so far as it goes, and to that extent is affirmed. The defendant Dohle, how- ever, if not paid from the proceeds of the sale of the nine-fifteenths of the property, is entitled under the pleadings and proofs to a sale of the remaining six-fifteenths of the premises described in his mortgage, subject of course to all prior liens, and decree must be so made if necessary.

JOHNSON, J., did not participate in the foregoing decision.