ALADDIN HEATING CORPORATION; VEGAS VALLEY ELECTRIC, INC., AND MARTIN STERN, JR., HERBERT FEHR, DBA HERBERT FEHR MASONRY CONTRACTOR AND VALLEY ELEVATOR COMPANY, APPELLANTS, v. TRUSTEES OF THE CENTRAL STATES, SOUTHEAST AND SOUTHWEST PENSION FUND, RESPONDENTS.

No. 8127

April 28, 1977                                   563 P.2d 82

*Sanford, Sanford, Fahrenkopf, & Mousel,* Reno, and *Cromer, Barker & Michaelson,* Las Vegas, for Appellants.

*McDonald, Carano, Wilson, Bergin & Bible,* and *Rutan & Tucker,* Reno, for Respondents.

## OPINION

By the Court, GUNDERSON, J.:

This dispute involves competing priorities between mechanics' lien claimants and beneficiaries of a deed of trust. In a consolidated action, appellants sought to foreclose their mechanics' liens, and respondents defended on the ground that the prior foreclosure of respondents' deed of trust had extinguished appellants' junior liens. The district court ruled in favor of respondents. We agree.

Respondents loaned Kings Castle Limited Partnership $6,500,000 to finance the construction of the Kings Castle Hotel and Casino located at Incline Village, Nevada. To secure this loan, the partnership gave respondents a promissory note and a deed of trust which covered the Kings Castle real property, existing improvements, and improvements to be thereafter constructed on the land. Respondents recorded this deed of trust on May 9, 1969.

As part of the loan transaction and apparently in lieu of paying loan "points" in advance, Kings Castle Limited Partnership and respondents also entered into a sale-leaseback arrangement. This arrangement contemplated that respondents would purchase Kings Castle's real property, lease the land back to Kings Castle for a five-year period, and, at the end of this period, Kings Castle would repurchase the property at a higher price, thereby permitting respondents to receive their loan "points" at this later date. Pursuant to this arrangement, Kings Castle executed in favor of respondents a grant, bargain, and sale deed covering the subject real property only, excluding any improvements. Respondents recorded this deed on May 9, 1969, subsequent to the recording of their deed of trust.

Kings Castle defaulted on payments of the promissory note, and respondents foreclosed their deed of trust pursuant to the deed's power of sale provision. At the foreclosure sale, respondents bid and acquired the property and improvements thereon for $5,000,000.

After the foreclosure sale, appellants filed suit to foreclose mechanics' liens which they had perfected pursuant to NRS Ch. 108. The district court ruled that the deed of trust was senior to the mechanics' liens and, thus, foreclosure of the deed of trust had extinguished the mechanics' liens. Appellants here contend the district court erred in ruling (1) that the deed of trust took priority over mechanics' liens, (2) that there had been no merger of respondents' interests, (3) that respondents were not required to file a notice of non-responsibility to maintain their priority, and (4) that Call v. Thunderbird Mortgage Co., 375 P.2d 169 (Cal. 1962), was inapplicable to the facts of this case. These contentions are without merit.

1. Prior to the recordation of respondents' deed of trust and the actual commencement of construction, appellant Martin Stern, Jr. and others performed certain work and/or services in preparation for the construction of the Kings Castle complex. This work consisted of surveying the land, soil testing, and drafting architectural plans. Appellants contend this

preparatory labor constitutes "work done," thereby causing their liens to attach and take priority over the deed of trust pursuant to NRS 108.225.[1]

It is clear that the "work done" provision of NRS 108.225 only prefers "liens for work or labor, which work or labor was begun prior to the filing of a mortgage [or recording of a deed of trust], *but begun after the commencement of the erection of the building. . . .*" (Emphasis added.) Pacific States Savings, Loan & Building Co. v. Dubois, 83 P. 513, 514 (Idaho 1905); see also McClain v. Hutton, 61 P. 273 (Cal. 1900); Home Savings & Loan Ass'n v. Burton, 56 P. 940 (Wash. 1899). Here, actual on-site construction had not yet started and the architectural, soil testing, and survey work appellants rely on for their priority is insufficient to constitute the commencement of a building or improvement; something more is required. D–K Investment Corporation v. Sutter, 96 Cal.Rptr. 830 (Cal.App. 1971); Walker v. Lytton Savings and Loan Ass'n of No. Cal., 465 P.2d 497 (Cal. 1970); Mortgage Associates, Inc. v. Monona Shores, Inc., 177 N.W.2d 340 (Wis. 1970); M. E. Kraft Excavating & Grading Co. v. Barac Const. Co., 156 N.W.2d 748 (Minn. 1968); H. B. Deal Const. Co. v. Labor Discount Center, Inc., 418 S.W.2d 940 (Mo. 1967). Were we to hold otherwise and permit mechanics' liens to accrue based on this work done prior to the commencement of construction, mechanics' liens could relate back to a time long before there were any visible signs of construction to inform prospective lenders inspecting the premises that liens had attached. Under such circumstances, no prudent businessman would be willing to lend construction money. See: Walker v. Lytton Savings and Loan Ass'n of No. Cal., cited above; M. E. Kraft Excavating & Grading Co. v. Barac Const. Co., cited above; Western Mortgage L. Corp. v. Cottonwood Const. Co., 424 P.2d 437 (Utah 1967).

---

[1]NRS 108.225 provides in pertinent parts:

"1. The liens provided for in NRS 108.221 to 108.2395, inclusive, are preferred to:

"(a) Any lien, mortgage or other encumbrance which may have attached subsequent to the time when the building, improvement or structure was commenced, *work done,* or materials were commenced to be furnished.

"(b) Any lien, mortgage or other encumbrance of which the lien-holder had no notice and which was unrecorded at the time the building, improvement or structure was commenced, work done, or the materials were commenced to be furnished." (Emphasis added.)

2.   Appellants next contend that delivery of the grant, bargain, and sale deed to respondents caused all legal and equitable title to merge in respondents, and, due to this merger, the deed of trust was extinguished leaving nothing to defeat appellants' liens. It is true that when a greater estate and lesser one coincide and meet in the same person, the lesser estate merges into the greater and is extinguished. 2 Jones on Mortgages § 1080 at 508–509 (1928). However, as the district court correctly found, no merger took place.

Whether a merger has occurred depends on the intent of the parties, especially the one in whom the interests unite. Grellet v. Heilshorn, 4 Nev. 526 (1869); see also Fowler v. Carter, 425 P.2d 737 (N.M. 1967). If merger is against that party's best interest, it will not be deemed intended by the parties. Bowman v. Cook, 419 P.2d 723 (Ariz. 1966); Kansas Seventh Day Adventist Conf. Ass'n v. Williams, 134 P.2d 626 (Kan. 1943); Osborne, Mortgages § 273 at 549 (2d ed. 1970). Here, it is apparent the parties did not intend that a merger take place. Merger would be against respondents' best interests because their deed of trust would lose its priority. Similarly, the parties' conduct clearly indicates their intent to have a security arrangement only, and not a merger. This fact is manifested by respondents' retention of the debt instrument and Kings Castle's treatment of that debt as still alive by making periodic payments. See: Bowman v. Cook, cited above.

. Not only is there no intent to have a merger, but the estates appellants contend merged are not coextensive and commensurate. See: Grellet v. Heilshorn, cited above. The deed conveyed legal title only of the real property, while the deed of trust covered the property plus existing improvements and improvements to be constructed in the future. Since respondents acquired only part of the subject matter covered by their deed of trust, there can be no merger. See: Warfield v. Christiansen, 93 A.2d 560 (Md. 1953).

3.   Respondents never posted or recorded a notice of nonresponsibility, and, thus, appellants argue that respondents' ownership interest in the land arising from the sale-leaseback arrangement is subject to appellants' liens pursuant to NRS 108.234.[2] However, it is well settled that one claiming under a

---

[2]NRS 108.234 provides in pertinent parts:
"Every building or other improvement mentioned in NRS 108.222,

deed of trust, similar to a mortgagee, does not have to give such a notice of non-responsibility to protect his priority over subsequent liens. Rheem Manufacturing Company v. United States, 371 P.2d 578 (Cal. 1962); Hollywood Lumber Co. v. Love, 100 P. 698 (Cal. 1909); Anno., 123 A.L.R. 7, 24 (1939). Thus, since respondents are claiming under their deed of trust and not as owners, they were not required to file a notice of non-responsibility to protect their beneficial interests.

4. Finally, appellants contend the district court erred in ruling that the case of Call v. Thunderbird Mortgage Co., 375 P.2d 169 (Cal. 1962), was inapplicable to the facts of this case. *Call* involved the redemption rights of various persons after a judicial foreclosure, and the effect on those rights when the judgment debtor or his successor in interest purchased at the foreclosure sale. The California Supreme Court ruled that when the judgment debtor or his successor purchased at the foreclosure sale, the lien foreclosed was satisfied and discharged, the effect of the sale ended, and the property remained subject to subsequent junior liens.

However, *Call* is factually distinguishable from this case. Here, because respondents did not acquire the entire interest of Kings Castle pursuant to the sale-leaseback transaction, they cannot be considered trustors of the deed of trust as was the successor in *Call*. Further, the successor in *Call* had no other interest in the prior deeds of trust, whereas here, respondents are also the beneficiaries. Finally, the type of financing arrangement involved here was not present in *Call*. *Call* being inapplicable, respondents, as purchasers at a foreclosure sale, took title as of the date their lien vested, and appellants' subsequent junior liens were extinguished by the foreclosure. Erickson

---

constructed upon any lands with the knowledge of the owner or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner or person having or claiming any interest therein, and the interest owned or claimed shall be subject to any lien recorded in accordance with the provisions of NRS 108.221 to 108.2395, inclusive, unless such owner or persons having or claiming an interest therein shall, within 3 days after he has obtained knowledge of the construction, alteration or repair, or the intended construction, alteration or repair, give notice that he will not be responsible for such improvement by filing a notice in writing to that effect with the county recorder of the county where the land or building is situated; . . ."

Constr. Co. v. Nevada Nat'l Bank, 89 Nev. 350, 513 P.2d 1236 (1973).
Affirmed.

BATJER, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.