BADER ENTERPRISES, INC., APPELLANT, v. ARTHUR OLSEN; HELEN L. ROW, AKA HELEN L. OLSEN; PAUL N. MELTZER AND HELEN MELTZER, RESPONDENTS.

No. 13167

August 27, 1982                    649 P.2d 1369

*Stanley W. Pierce,* Las Vegas, for Appellant.

*Bilbray, Carelli & Miller,* and *Jones, Jones, Bell, Close & Brown,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The essential question on this appeal is whether a foreign corporation can maintain an action initiated in this State when (1) its corporate status is revoked, (2) it forfeits its authorization to do business in this State, and (3) it fails to comply with certain statutory mandates requisite to the maintenance of an action within this State.

In 1971, appellant incorporated in the State of Delaware and qualified to do business in the State of Nevada. In 1975, appellant filed the instant action seeking to recover a purported interest it had in certain business premises then occupied and maintained by respondents. In 1977, while the litigation was in process, appellant's corporate charter was revoked by Delaware for non-payment of its franchise taxes. A certificate of corporate repeal was issued by proclamation and filed in Delaware by its Secretary of State as required by Delaware law. Appellant did not file in Nevada a certified copy of this document, and in 1978 appellant forfeited its authorization to conduct business in this State. As a consequence of appellant's failure to file such a document, the district court granted respondents' motion for dismissal on grounds that appellant could no longer *maintain* the action in Nevada. We affirm that determination.

The decision of the district court was premised upon the ruling that it was without jurisdiction under NRS 80.210(1) to permit the maintenance of an action by a foreign corporation whose corporate charter had lapsed. NRS 80.210(1) sets forth penalties that are to be imposed for the failure of a foreign corporation to comply with certain statutory requisites. It provides:

> Every corporation which fails or neglects to comply with the provisions of NRS 80.010 to 80.040, inclusive, shall be subject to a fine of not less than $500, to be recovered in a court of competent jurisdiction, and *shall not be allowed to commence, maintain, or defend any action or proceeding in any court of this state* until it shall have fully complied with the provisions of NRS 80.010 to 80.040, inclusive. (Emphasis supplied.)

When this action was commenced, appellant's corporate charter was in good standing, but its continued qualification to do business in Nevada was dependent upon its steadfast compliance with the terms of NRS 80.030(1) which then provided as follows:

> Any foreign corporation qualified to transact business in this state shall, upon the filing in the place of its creation of any paper, document or instrument amendatory of, supplemental to, or otherwise related to the instrument of its creation, and which pursuant to the laws of the place of its creation is to be filed or recorded therein, forthwith file with the secretary of state of Nevada a copy thereof, certified by the official with whom the same shall have been filed in the place of its creation, in the manner prescribed in NRS 80.010 and 80.020.

Notwithstanding the clear import of the above statute, appellant argues that it was under no obligation to file its certificate of corporate repeal with the Nevada Secretary of State since it had no duty to file such certificate in Delaware, the State of its incorporation. The argument is without merit and would, if accepted, subvert the clear wording of the statute and its underlying policy. The plain language of NRS 80.030(1) places an affirmative duty upon a foreign corporation to file with the Nevada Secretary of State a certified copy of any document "related to the instrument" of the foreign corporation's creation "upon the filing in the place of its creation." Here, the

filing of the proclamation noting the repeal of appellant's corporate charter with the Delaware Secretary of State was mandatory, under Delaware law, albeit not necessarily the responsibility of appellant. 8 Del. Code Ann. § 512. Accordingly, it was appellant's obligation, within the meaning of NRS 80.030(1), to file a certified copy of that document with the Nevada Secretary of State. Such a filing serves to promote the public policy of this State to alert and protect its citizens in their transactions with defunct foreign corporations. It also provides the Nevada Secretary of State a needed awareness of the status of such corporations involved in business transactions or lawsuits within this State.

Since appellant failed to comply with the provisions of NRS 80.030(1) as required, it must now suffer the consequences of the penalty provision of NRS 80.210(1) which prohibits non-complying foreign corporations from maintaining any actions or proceedings in the courts of this State until such time as full compliance is accomplished.

Appellant also seeks to avoid the consequences of its non-compliance with Nevada's statutory requirements by invoking the law of the State of Delaware as controlling. The argument is augmented by several Delaware cases supportive of the proposition that under the laws of that State, a corporation whose charter has been revoked may nevertheless maintain its right to litigate to the point of final judgment and execution. Conceding appellant's characterization of Delaware law is unavailing to its cause before this Court. Appellant's right to litigate in Nevada is determined by the conjunction of NRCP 17(b) and NRS 80.210(1). The former rule provides in pertinent part that "[t]he capactiy of a corporation to sue or be sued shall be determined by the law. under which it is organized, unless a statute of this State provides to the contrary." As set forth above, NRS 80.210(1) does provide to the contrary by placing specific limitations upon a foreign corporation's capacity to maintain suit within this State. In League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 93 Nev. 270, 273, 563 P.2d 582 (1977), we considered the meaning to be accorded the penalty provision of NRS 80.210(1) forbidding a foreign corporation to "maintain . . . any action . . . in any court of this state . . .," and said:

> [The district court] reasoned that the word "maintain" was meant to apply to a case commenced by a corporation

which had qualified to do business here but which subsequently became unqualified because of failure to comply with continuing statutory requirements. This, we think, is a proper application of the statutory language and we approve it.

This interpretation governs our ruling in this case. Simply put, appellant failed to comply with the then-existing and obligatory provisions of NRS 80.030(1), and is now bound by the penalty provision of NRS 80.210(1) which bars it from maintaining the present suit against respondents. Other issues not specifically addressed are deemed to be without merit.

Affirmed.