DEPNER ARCHITECTS AND PLANNERS, INC., APPEL-LANT, *v.* NEVADA NATIONAL BANK, RESPONDENT.

No. 17391

October 26, 1988                         763 P.2d 1141

*James C. VanWinkle,* Reno, for Appellant.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell,* and *Joan C. Wright,* Carson City, and *Keith A. Kandarian,* San Francisco, for Respondent.

---

[1]THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this matter.

## OPINION

*Per Curiam:*

Depner Architects and Planners, Inc. filed their complaint to enforce a mechanic's lien more than six months after recordation because the intervening bankruptcy of the property owners had operated to stay enforcement. The district court dismissed the action.[1] We reverse.

Beginning in 1980, Depner Architects and Planners, Inc., (Depner) provided services in connection with improvements on the Double Diamond Ranch in Washoe County. It recorded a mechanic's lien on February 19, 1982. NRS 108.233 provides that a mechanic's lien is only valid for six months unless enforcement proceedings are commenced within that time. Three months

---

[1]Although the Bank's motion was styled as a motion to dismiss for failure to state a claim, both parties have presented and argued matters outside the pleadings. The motion and order shall, therefore, be treated as pertaining to summary judgment. NRCP 12(b).

before the time for filing Depner's complaint expired, the Bennys filed a petition in bankruptcy. The filing operated as an automatic stay of any act to enforce a lien. 11 U.S.C. § 362(a)(4) (1982). Depner was thereby precluded from initiating proceedings before the end of the normal filing period.

Respondent Nevada National Bank (the Bank) held a promissory note secured by a deed of trust on the Double Diamond Ranch.[2] It had filed a notice of default and election to sell before the Bennys filed their bankruptcy petition. At some time after the petition was filed, the Bank moved for relief from the automatic stay, in the form of permission to foreclose on the ranch. Depner was not a party to this motion and was not served with notice. The Bank's request for relief was granted by the bankruptcy court on January 4, 1985.

Respondent's counsel conceded at oral argument that the ranch was actually sold on June 18, 1985. Depner filed its complaint on May 30, 1985. Apparently the filing of the complaint occurred because Depner became aware of the impending sale. Since the date of notice is entirely unknown, the district court erred in granting the dismissal. It is clear that the Bankruptcy Code allows a non-bankruptcy action to be filed within 30 days of *notice* of termination of the stay.[3] The district court could not properly determine when the 30-day limitation ran, because no evidence of notice to Depner exists in the record.

---

[2] It is not clear from the record which party was the senior lienor. Depner began providing services in 1980. The bank recorded its deed of trust in 1981. If Depner began actual construction before the Bank recorded its interest, the deed of trust would have become subordinate to Depner's lien on recordation of that lien. NRS 108.225(2); Aladdin Heating v. Trustees, Cent. States, 93 Nev. 257, 260, 563 P.2d 82, 84 (1977).

[3] 11 U.S.C. 108(c):

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay . . .

When a stay is lifted by the bankruptcy court, it is lifted only as to the moving party. In re Saint Peter's School, 26 Bankr. 589 (S.D.N.Y. 1983). The termination of a stay on the motion of one creditor does not similarly terminate the stay as to other creditors; the bankruptcy courts make individualized determinations when considering multiple requests for relief. *See* In re del Gizzo, 5 Bankr. 446 (D.R.I. 1980) (court has discretion to lift stay as to junior, and not senior lienor, when junior interest would otherwise be extinguished but senior interest would not be impaired). *Cf.* In Matter of Beaucrest Rlty. Associates, 4 Bankr. 166 (E.D.N.Y. 1980) (first mortgagor allowed to foreclose, while second mortgagors subject to continuance of stay). We note the bankruptcy court in this case granted relief to Capital City Federal Savings and Loan Association in a separate order. This strongly suggests each order operated to vacate the stay only as to the moving party. As to Depner, the stay remained in effect at least until the property was actually sold.[4] therefore, pursuant to 11 U.S.C. § 108(c)(2), Depner had at least 30 days after June 18, 1985 to file its complaint.[5]

The Bank also contends Depner's claim was barred because it was a compulsory counterclaim in an action by another mechanic's lien claimant. This argument is meritless. Depner's claim against the Bank would be a cross-claim in the other action, and not a counterclaim. A counterclaim is a claim against an opposing party. *See* NRCP 13(a), (b). A claim against a co-party is a cross-claim. *See* NRCP 13(g). Further, cross-claims are permissive. *Id.*

Since dismissal of Depner's action could not be properly based on any of the grounds advanced in the Bank's motion to dismiss, we hereby reverse the judgment of the district court. We remand this matter with instructions to reinstate appellant's complaint.

---

[4]Until the property changed ownership, it remained part of the debtor's estate. *In re Saint Peter's School, supra,* 26 Bankr. at 590. The automatic stay granted by 11 U.S.C. 362(a) prevents any action against the debtor; since the stay had not previously been terminated as to Depner, it remained in effect so long as the property was part of the debtor's estate. *See* In re Newman, 53 Bankr. 7 (M.D.Tenn. 1985).

[5]The filing of a complaint against non-debtors does not violate the stay, because 11 U.S.C. § 362(a) is intended to protect only the debtor. In re Garnett, 47 Bankr. 170 (E.D.N.Y. 1985); Pitts v. Unarco Industries, Inc., 698 F.2d 313 (7th Cir. 1983); Lynch v. Johns-Manville Sales Corp., 23 Bankr. 750 (S.D. Ohio 1982). Therefore, while Depner's suit against the Bennys is void, its complaint against the Bank and other co-defendants is valid and timely.