NEVADA NATIONAL BANK, CURRENTLY KNOWN AS SECURITY PACIFIC BANK NEVADA, APPELLANT, v. PAUL SNYDER, TRUSTEE IN BANKRUPTCY FOR COLLINS AND RYDER CONSULTING ENGINEERS, INC., AND ROBERT K. DEPNER DBA THE DEPNER ASSOCIATION, RESPONDENTS.

No. 21678

February 20, 1992                    826 P.2d 560

---

[7]The Honorable Jack Lehman, Judge of the Eighth Judicial District, was designated by the Governor to sit in the place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. 6, § 4.

[Rehearing denied May 18, 1992]

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell* and *Joan C. Wright,* Carson City; and *Tobin & Tobin* and *Keith Kandarian* and *Scott Arthur Sommer,* San Francisco, California, for Appellant.

*James C. VanWinkle,* and *Beckley, Singleton, DeLanoy, Jemison & List,* Reno; and *Heller, Ehrman, White & McAuliffe, Michael R. Wrenn,* and *Wendy F. Liebow,* Seattle, Washington, for Respondents.

## OPINION

*Per Curiam:*

The question on appeal is whether respondents have capacity to commence or maintain suit in Nevada courts. We hold they do not.

### FACTS

On or about April 2, 1980, George Benny (Benny) entered into an option agreement to purchase the Double Diamond Ranch,

which he intended to develop into a subdivision with many amenities. That same month, Benny retained Collins, Ryder & Watkins Consulting Engineers, Inc. (CR&W), to plan and design the development of the ranch. Soon thereafter, CR&W hired Depner Architects & Planners, Inc., P.S., (Depner) to provide planning and architectural services. Over the next two years, Depner and CR&W engaged in many planning and surveying activities on the property. On March 24, 1981, Benny received a $3,000,000 loan from Nevada National Bank (Bank) in order to acquire the ranch; the loan was secured by a deed of trust against the property. The Bank recorded the deed of trust on March 24, 1981. Depner recorded a mechanic's lien of $77,340.25 on February 19, 1982. Collins and Ryder Consulting Engineers, Inc., (C&R) (corporate successor to CR&W) recorded two mechanic's liens: one on April 28, 1982, for $620,000 and another on January 31, 1983, for $130,000. Benny eventually declared bankruptcy, owing C&R money. The Bank non-judicially foreclosed on its deed of trust on June 18, 1985. At trial, the court granted priority to the mechanic's liens of C&R and Depner. The Bank appeals.

The Bank argues that the district court erred in: (1) finding C&R and Depner had capacity to commence suit, (2) granting priority to the mechanic's liens, and (3) declaring the Bank personally liable to C&R and Depner.

### DISCUSSION
### C&R'S CAPACITY TO COMMENCE SUIT

In C&R's complaint and first amended complaint, it describes itself as a legal successor in interest to CR&W and as being authorized to do business in Nevada. In the amended complaint, it also describes itself as a Nevada corporation. On June 29, 1981, CR&W filed articles of amendment in Washington State to change its name to Collins and Ryder Consulting Engineers, Inc. CR&W was authorized to do business in Nevada on June 6, 1980, until that authorization was revoked on March 1, 1986, for failure to file its Annual List of Officers, Directors and Resident Agent. However, C&R (as opposed to CR&W) has never been a Nevada corporation and was never authorized to do business in this state. On April 19, 1985, C&R was administratively dissolved in Washington State. C&R did not inform the Nevada Secretary of State of its name change, nor did it inform the Nevada Secretary of State of its corporate dissolution, as required by NRS 80.030.[1]

---

[1] NRS 80.030 provides in relevant part:

    1. Each foreign corporation admitted to do business in this state shall, within 30 days after the filing of any document amendatory or

Because of these violations of NRS 80.030, the Bank argues that C&R is barred from maintaining suit in Nevada courts by NRS 80.210.[2]

In Bader Enterprises, Inc. v. Olsen, 98 Nev. 381, 649 P.2d 1369 (1982), we upheld the dismissal of a suit under NRS 80.210 when the corporate charter of a Delaware corporation was revoked during trial. In *Bader,* this court specifically stated that the failure to follow the provisions of NRS 80.030 bars a foreign corporation from maintaining any proceeding in Nevada courts. *Id.* at 384, 649 P.2d at 1370-71.

C&R claims it complied with NRS 80.030, arguing that it informed the Nevada Secretary of State of its corporate name change when it filed a change of address of resident agent with the Nevada Secretary of State on May 14, 1982. The filing reflected C&R's new corporate name. This argument cannot prevail. Clearly, C&R did not meet the requirements for informing the Nevada Secretary of State as set forth in NRS 80.030(1)(a).

Because C&R did not inform the Nevada Secretary of State of its name change and corporate dissolution, in violation of NRS 80.030, it is precluded by NRS 80.210 from maintaining this action in Nevada courts.

## DEPNER'S CAPACITY TO COMMENCE SUIT

Depner brought suit on behalf of Depner Architects & Planners, Inc., P.S. After the Bank had moved to dismiss the case, based on Depner's lack of capacity, Depner moved the district court to amend his complaint and substitute himself in an individual capacity as plaintiff. The court allowed the amendment, finding that Depner transacted business in Nevada as a sole proprietorship called The Depner Association.

Depner argues that the decision to substitute himself as an

---

otherwise relating to the original articles in the place of its creation, file in the office of the secretary of state:

(a) A copy of the document certified by an authorized officer of the place of its creation, or a certificate evidencing the filing, issued by the authorized officer of the place of its creation with whom the document was filed; . . . .

[2]NRS 80.210 provides in relevant part:

1. Every corporation which fails or neglects to comply with the provisions of NRS 80.010 to 80.040, inclusive:

. . . .

(b) [M]ay not commence or *maintain* any action or proceeding in any court of this state until it has fully complied with the provisions of NRS 80.010 to 80.040, inclusive. . . .

(Emphasis added.)

individual for the corporation was within the sound discretion of the trial court under NRCP 15(a).[3]

The Bank claims the district court erred in finding that Depner worked on the Double Diamond Ranch project as a sole proprietorship, pointing out the following facts: (1) After Depner incorporated in Washington on December 8, 1980, all invoices were submitted to C&R on behalf of the corporation; (2) the construction drawings for the proposed project were prepared by the corporation; (3) the individuals who worked on the drawings were employees of the corporation; (4) Depner had a prior appeal in this case, which is in the name of the corporation (Depner Architects v. Nevada Nat. Bank, 104 Nev. 560, 763 P.2d 1141 (1988)); and (5) this action was brought on behalf of the corporation, purporting that it was authorized to do business in Nevada. We agree that the district court erred in substituting Depner in an individual capacity as plaintiff.

In League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 93 Nev. 270, 563 P.2d 582 (1977), this court found that dismissal of suit with prejudice under NRS 80.210 was proper where the plaintiff foreign corporation was not qualified to do business in Nevada, even though the plaintiff qualified to do business in Nevada approximately nine months later. *Id.* at 273, 563 P.2d at 584-585. The dismissal with prejudice was upheld because the statute of limitations would have expired upon a re-filing of the suit. *Id.*

We hold that the district court abused its discretion in allowing Depner to substitute himself as an individual for the corporate entity in this case. The evidence is clear that Depner conducted business in Nevada in the corporate name. In order to become authorized to do business in Nevada, Depner must have complied with NRS 80.010.[4] He did not.

---

[3]NRCP 15(a) provides in relevant part:

(a) *Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
. . .

[4]NRS 80.010 provides in relevant part:

1. Before commencing or doing any business in this state, every corporation organized under the laws of another state, territory, the District of Columbia, a dependency of the United States or a foreign country, that enters this state to do business must file:
(a) In the office of the secretary of state of Nevada;
(1) A certificate of corporate existence issued not more than 90

As a foreign corporation which is not in compliance with NRS 80.010, Depner Architects & Planners, Inc., P.S., is barred from commencing or maintaining a suit in Nevada courts by NRS 80.210.

## PRIORITY OF MECHANIC'S LIENS

Assuming, arguendo, that C&R and Depner had capacity to commence suit, the district court erred in granting priority to their mechanic's liens. We considered the issue of priority of mechanic's liens in Aladdin Heating v. Trustees, Cent. States, 93 Nev. 257, 563 P.2d 82 (1977). There, this court held that surveying the land, drafting architectural plans and soil testing did not constitute "work done" within the meaning of NRS 108.225. This court stated:

> [A]ctual on-site construction had not yet started and the architectural, soil testing, and survey work appellants rely on for their priority is insufficient to constitute the commencement of a building or improvement; something more is required. Were we to hold otherwise and permit mechanics' liens to accrue based on this work done prior to the commencement of construction, mechanics' liens could relate back to a time long before there were any visible signs of construction to inform prospective lenders inspecting the premises that liens had attached. Under such circumstances, no prudent businessman would be willing to lend construction money.

*Id.* at 260, 563 P.2d at 84 (citations omitted).

The Bank argues that C&R and Depner never performed the "something more" required by *Aladdin.* We agree. C&R's project coordinator testified that the work performed was "preliminary to actually proceed[ing] with the further planning and construction of the site improvements." The soil and engineering studies by C&R are insufficient to establish "work done" within the holding of *Aladdin.* Further work on the ranch was subject to many governmental agency approvals. What little work was visible on the 2,300 acre ranch (wells and trenching) does not constitute notice that actual development of the property had begun; indeed, the ranch was a working cattle ranch in 1981 and throughout the 1980's.

---

days before the date of filing by an authorized officer of the jurisdiction of its incorporation setting forth the filing of documents and instruments related to the articles of incorporation . . . .

## PERSONAL LIABILITY OF THE BANK

The district court judgment stated that C&R and Depner were entitled to a "personal judgment for the residue against the Bank." The Bank asserts that the remedy to enforce a mechanic's lien is to force a sale of the property and that it is not liable for any deficiency if the monies from the sale do not cover the amount of Depner's and C&R's liens. We agree.

In Milner Et Al. v. Shuey, 57 Nev. 174, 69 P.2d 771 (1937), this court stated that there must be a contractual relationship regarding the furnishing of labor and materials between the party foreclosing the lien and the party against whom personal liability is sought. This court stated: "[S]uch a relation is essential to establish a personal liability against the owner of the property in addition to a judgment foreclosing a lien . . . ." *Id.* at 179, 69 P.2d at 772. Further, the statutory language regarding deficiencies and personal actions is illuminating here. NRS 108.238 provides:

> Right to maintain personal action for debt not impaired. Nothing contained in NRS 108.221 to 108.246, inclusive, shall be construed to impair or affect the right of any person to whom any debt may be due for work done or material furnished to maintain a personal action to recover such debt *against the person liable therefor.*

(Emphasis added.)

It is unjust to hold the Bank personally liable for a deficiency when it was not a party to the C&R/Benny contract, and because the Bank is not the person liable for the debt under NRS 108.238.

C&R and Depner argue that the Bank was unjustly enriched, because the work they performed increased the value of the property, and the Bank should be held personally liable for any deficiency. C&R and Depner contend that the Bank relied on their work to increase the value of the land and therefore the principle of unjust enrichment is applicable.

While there was a benefit conferred on the Bank, it does not rise to unjust enrichment. California has considered this question in Kossian v. American Nat. Ins. Co., 254 Cal.App.2d 647 (Cal.Ct.App. 1967). There, a building was destroyed by fire. Kossian provided services to the owner for debris removal and was never compensated for his services. American National Insurance Company obtained the property when the owner assigned his interest to the insurance company. Kossian sued the insurance company on a theory of unjust enrichment. After noting that there was no privity of contract between Kossian and the insurance company for work performed, the court stated that

there was no unjust enrichment even though a benefit had been conferred on the insurance company. *Id.* at 648-49.

Any prudent lender evaluates a loan and hopes that the land will increase in value. There is simply no basis in this case to find that the Bank was unjustly enriched by the work C&R and Depner performed on the ranch, pursuant to their contract with Benny.

## CONCLUSION

The district court erred in finding that C&R had capacity to maintain suit in Nevada courts and in substituting Depner as an individual as plaintiff in place of the corporate entity. The district court further erred in granting priority to C&R's and Depner's mechanic's liens and again in imposing personal liability upon the Bank. Because C&R and Depner did not have capacity to commence or maintain suit, it is unnecessary for us to reach the Bank's other arguments.

We therefore reverse the judgment of the district court.