NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHANNA BRUTON; DANIEL F. ESPY,

Plaintiffs - Appellants,

v.

SPECIALIZED LOAN SERVICING, LLC,
a Limited Liability Company,

Defendant - Appellee.

No. 24-4480

D.C. No.
2:23-cv-01291-CDS-DJA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted March 10, 2026[**]
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and VERA, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Hernan Diego Vera, United States District Judge for
the Central District of California, sitting by designation.

Plaintiffs-Appellants Johanna Bruton and Daniel Espy appeal from the district court's dismissal with prejudice of their Complaint. Defendant-Appellee Bank of America N.A. ("BANA") settled on appeal, leaving only Defendant-Appellee Specialized Loan Servicing ("SLS"). We have jurisdiction under 28 U.S.C. § 1291. We vacate in part, affirm in part, reverse in part, and remand with instructions.

"We review a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo.*" *Malheur Forest Fairness Coal. v. Iron Triangle, LLC*, 164 F.4th 710, 723 (9th Cir. 2026) (citing *Bodenburg v. Apple Inc.*, 146 F.4th 761, 767 (9th Cir. 2025)). We review the "decision to dismiss with prejudice and without leave to amend" for abuse of discretion. *Laws. for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1063 (9th Cir. 2025) (citing *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021)). "[T]he question of futility of amendment," however, is reviewed *de novo. Malheur Forest Fairness Coal.*, 164 F.4th at 723 (citing *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016)).

1. Appellants seek to quiet title based on the terms of a 2012 Consent Judgment that names as parties, in relevant part, BANA, the United States, and forty-nine states. Appellants allege that the Consent Judgment operated to extinguish a Second Deed of Trust securing a Home Equity Line of Credit

("HELOC") serviced by BANA's successor, SLS, after Appellants and BANA modified a different loan (secured by a First Deed of Trust). But as incidental beneficiaries to the Consent Judgment, Appellants lack standing to bring a claim that seeks enforcement of the Consent Judgment. *See United States v. FMC Corp.*, 531 F.3d 813, 820–21 (9th Cir. 2008) (holding that non-party is incidental beneficiary without standing to enforce consent judgment absent clear expression that parties intended to confer enforcement powers on non-parties); *Hook v. Ariz. Dep't of Corr.*, 972 F.2d 1012, 1014 (9th Cir. 1992) (consent-judgment standing is jurisdictional). The district court noted that SLS challenged Appellants' standing—an issue which SLS also raises on appeal—but mistakenly dismissed the quiet title cause of action for failure to state a claim rather than lack of subject-matter jurisdiction. We vacate the district court's dismissal of this claim with prejudice and remand with instructions to dismiss it without prejudice for lack of jurisdiction.

The district court did not reach Appellants' alternative argument that the merger doctrine extinguished the Second Deed of Trust, but it also fails. The doctrine applies to effectuate a merger of estates, not to merge multiple loans, debts, or security interests. *See Aladdin Heating Corp. v. Trs. of Cent. States*, 563 P.2d 82, 85 (Nev. 1977) (merger applies "when a greater *estate* and lesser one coincide" (emphasis added)). Further, under Nevada law, merger occurs only when

it is intended by and in the best interest of the parties, *Roy v. Luschar*, 835 P.2d 807, 810 (Nev. 1992), which is not the case here. The two deeds of trust, which were executed on the same date, for the benefit of the same party, securing two different loans, and whose servicing was transferred separately, indicate the parties' "intent to have a security arrangement only, and not a merger." *Aladdin*, 563 P.2d at 85. "This fact is manifested by [the lender's] retention of the debt instrument and [Appellants'] treatment of that debt as still alive," at least at first, "by making periodic payments." *Id.*

2.     The district court did not err in dismissing the promissory estoppel and tortious misrepresentation claims against SLS for failure to plausibly plead reliance. *See Torres v. Nev. Direct Ins. Co.*, 353 P.3d 1203, 1209 (Nev. 2015) (citing *Pink v. Busch*, 691 P.2d 456, 459–60 (Nev. 1984)) (listing reliance as an element of estoppel); *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386–87 (Nev. 1998) (identifying reliance as an element of both intentional, or fraudulent, and negligent misrepresentation). Appellants did not allege that SLS affirmatively represented that the HELOC or Second Deed of Trust was extinguished. And even if failure to send "any correspondence, monthly statements, etc. for a substantial amount of time" could constitute a representation that the Second Deed of Trust had been extinguished, Appellants did not rely on this representation. Indeed, they allege the contrary—that their belief that the Second Deed of Trust had been

4                                                                                          24-4480

extinguished was based on the Consent Judgment and on representations by BANA. As the district court also correctly held, this theory is time-barred. Any representations concerning extinguishment at the time of loan modification occurred in 2013 and any misrepresentation by silence ended in 2017, well over four years before this action was filed in 2023. Nev. Rev. Stat. § 11.190(2)(c) (four-year statute of limitation for estoppel); Nev. Rev. Stat. § 11.190(3)(d) (three-year statute of limitation for misrepresentation).

If Appellants' theory is instead that SLS represented that the HELOC and Second Deed of Trust have not been extinguished, or misrepresented the amounts due, they have not and cannot allege reliance. Appellants pleaded that they consider the Second Deed of Trust extinguished and that they have not made any payments on the debt since 2010.

3.     The district court did not err in dismissing Appellants' unjust enrichment claim because the Second Deed of Trust is a written contract. *See Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997) ("An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement.").

4.     The district court neither abused its discretion in denying leave to amend the estoppel, misrepresentation, and unjust enrichment claims nor erred in

determining that any amendment would be futile. Amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (citation omitted). Appellants relied on the sufficiency of the allegations as pleaded and failed to identify before the district court and on appeal what allegations they would add to demonstrate reliance or the absence of a written contract. *See Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (affirming denial of leave to amend on futility grounds due to lack of additional allegations). We affirm the dismissal of those claims with prejudice.

5.      The district court abused its discretion in denying without explanation Appellants' request for leave to amend to "add" claims under the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. Amendment should be freely given in the absence of any apparent or declared reason to deny it. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (describing factors that may justify denial of leave to amend). The district court in its oral decision did not address Appellants' Truth in Lending Act amendment request. *See id.* ("A simple denial of leave to amend without any explanation by the district court is subject to reversal."). We reverse in part the district court's dismissal with prejudice and remand with instruction to permit Appellants an opportunity to amend as to Truth in Lending Act claims.

The parties shall bear their own costs on appeal.

**VACATED in part, AFFIRMED in part, and REVERSED in part; REMANDED with instructions.**