PER CURIAM.
 
 **
 

 This matter comes before the Court on the filing of the following documents:
 

 1. “Notice Of Stay And Motion For Suspension Of Pleadings” by counsel for defendant-appellee Armstrong World Industries, Inc., on August 20, 1982;
 

 
 *314
 
 2. “Brief In Support Of Notice Of Stay And Motion For Suspension Of Pleadings” by counsel for defendant-appellee Armstrong World Industries, Inc., on August 20, 1982; and
 

 3. “Reply Of Plaintiff-Appellant To Motion For Suspension Of Pleadings” by counsel for plaintiff-appellant on August 27, 1982.
 

 4. “Supplemental Memorandum” of defendant-appellee GAF Corporation on January 12, 1983.
 

 5. “Supplemental Memorandum” of plaintiff-appellant on January 17, 1983.
 

 The underlying appeal involves several defendants who are manufacturers and distributors of asbestos products. On August 20,1982, co-defendant Armstrong World Industries, Inc. (Armstrong), filed its “Notice Of Stay And Motion For Suspension Of Pleadings” seeking to stay the disposition of the appeal. Armstrong argues that because co-defendant Unarco Industries, Inc. (Unar-co) filed its Petition for Reorganization under Chapter 11 of the Bankruptcy Reform Act of 1978, Section 362 of the Bankruptcy Code automatically suspends all further proceedings against all parties to this appeal. In her response to Armstrong’s motion, plaintiff Pitts contends that Section 362 of the Bankruptcy Code stays the proceedings in this appeal only with respect to the bankruptcy debtor and not all co-defendants.
 

 Section 362 provides in relevant part:
 

 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title operates as a stay applicable to all entities of
 

 (1) The commencement or continuation, including the issuance or employment of process, of a judicial administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against a debtor that arose before the commencement of the case under this title:
 

 11 U.S.C. § 362(a). The clear language of Section 362(a)(1) thus extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants. This interpretation has been adopted by several reviewing courts.
 
 In Re: Related Asbestos Cases,
 
 23 B.R. 523 (N.D.Cal.1982);
 
 Clutter v. Johns-Manville et al.,
 
 No. C-78-1229 (N.D.Ohio August 2, 1982).
 
 Royal Truck & Trailer v. Armadora Martina Salvadorean,
 
 10 B.R. 488 (N.D.Ill.1981);
 
 In re Dino Smith,
 
 14 B.R. 956 (Bkrtcy.D.C.Conn.1981);
 
 In re Aboussie Brothers Construction Co.,
 
 8 B.R. 302, 3 C.B.C.2d 684 (E.D.Mo.1981).
 

 We are particularly guided by the well-reasoned decision in
 
 Royal Truck & Trailer v. Armadora Martina Salvadorean,
 
 10 B.R. 488 (N.D.Ill.1981). In
 
 Royal Truck,
 
 the district court carefully examined the Congressional intent surrounding the new Bankruptcy Code and highlighted the distinction between Chapter 13 and Chapter 11 of the Code. Chapter 13 expressly provides for the stay of an action against a co-debtor but Chapter 11 does not. The district court concluded that such Congressional silence would seem to indicate that the automatic stay provisions of Section 362(a) operate in favor of the bankrupt debtor only. This conclusion is supported by the legislative history of Section 362.
 

 Appellee Armstrong disagrees with our interpretation of the scope of Section 362, and cites
 
 In re: White Motor Credit Corp.,
 
 11 B.R. 294 (Bkrtcy.N.D.Ohio 1981), and
 
 Federal Life Insurance Co. v. First Financial Group of Texas, Inc.,
 
 3 B.R. 375 (S.D.Tex.1980), to support its motion for stay. These decisions, however, are not persuasive. In both
 
 Federal Life
 
 and
 
 White Motor,
 
 the respective bankruptcy courts failed to analyze the clear language of Section 362. This language unambiguously states that the stay operates only as “against the debtor.” Additionally, neither decision contains an analysis of the Congressional intent underlying the phrase “against the debtor” as set forth in Section 362 and examined in
 
 Royal Truck.
 

 The issue raised by this motion is a question of first impression on the federal appellate level. We find the district court’s ex
 
 *315
 
 tensive analysis in
 
 Royal Truck & Trailer, Inc. v. Armadora Martina Salvadorean,
 
 10 B.R. 488 (N.D.Ill.1981), persuasive. Because we agree with the
 
 Royal Truck
 
 court’s conclusion that the automatic stay provisions of Section 362(a) operate only in favor of the bankrupt debtor, Appellee’s “Notice Of Stay And Motion For Suspension Of Pleadings”, which we construe as a motion for stay, is Denied.
 

 **
 

 This motion was decided by unreported order on January 17, 1983, but the panel subsequently decided to publish the order as a
 
 per curiam
 
 opinion.