MONTE KAHO, aka MONTY KAHO, Plaintiff

v.

RON PRITCHARD GROUND SERVICES, INC., PRITCHARD
AIRPORT SERVICES, INC., PRITCHARD TRAVEL SERVICE,
all American Samoa corporations, and CONTINENTAL
AIRLINES, INC., a Nevada corporation, Defendants

MONTE KAHO aka MONTE-KAHO, Appellant-Claimant

v.

WORKMEN'S COMPENSATION COMMISSION, AMERICAN SAMOA
GOVERNMENT, VAIMASINA CATERING, and
AMERICAN INTERNATIONAL UNDERWRITER
(SOUTH PACIFIC), LTD., Appellees

High Court of American Samoa
Trial Division

CA. NO. 62-81
CA. NO. 68-86

March 13, 1987

Before REES, Chief Justice.

Counsel:   For the Plaintiff, Fred Rohlfing
           For Defendant A.S.G. et al., Martin
               Yerick, Assistant Attorney General
           For Defendant A.I.U., Roy J.D. Hall, Jr.
           For Defendants  Pritchard et al.,
               Michael Kruse

Opinion and Order on Various Motions:

## I.  MOTION FOR FURTHER CONTINUANCE

At the outset we address the plaintiff's motion for a further continuance of the hearing on his "Motion for Reconsideration of Order Denying Plaintiff's Second Motion to Set Aside Dismissal" in #62-81 and his motion for reconsideration in #68-86.

The informal motion to continue was contained in a handwritten note dated March 4, 1987, and received by the Clerk of Courts on March 10, the day before the scheduled hearing. The note was sent from Hawaii by plaintiff's counsel. It did not comply with the rules pertaining to the form of motions, contained no affidavit of service upon opposing counsel and had not in fact been received by opposing counsel as of the time of the scheduled hearing. It alluded to a pending settlement of the case. Obviously, a defendant in whose favor judgment has been rendered remains free to pay money to the plaintiff if he so desires. Under the circumstances, however, an allegation that this is about to happen is an insufficient basis for yet another continuance.

## II.  THE WORKMEN'S COMPENSATION CASE

On August 2, 1985, the Workmen's Compensation Commission made the award of which the appellant complains. A series of efforts to secure a reconsideration of the award culminated on February 24, 1986, in a final denial of a rehearing by the Commission. Counsel for the plaintiff, Mr. Fred Rohlfing of Hawaii, filed an appeal from the award in the High Court on or about March 15, 1986.

The appeal would have been timely but for the fact that Mr. Rohlfing, who had been a member of the American Samoa Bar Association, was no longer a member in good standing, having failed to pay his dues for 1984, 1985, and 1986. The papers were also not accompanied by the required filing fee. The Clerk of Courts, on the instructions of the then-Chief Justice, returned the papers to counsel in Hawaii. He immediately (March 25) responded by paying the three years' dues, but inexplicably did not also re-file the appeal. Instead counsel states that he consulted with various local lawyers for several months before re-filing the appeal on June 6, 1986. Even on the most liberal possible

41

interpretation of the statutory 30-day period for filing of appeals from Workmen's Compensation Commission awards, counsel should have filed by April 24 (30 days after he received notice that his initial attempt to appeal had been unsuccessful). As of March 25, 1986, plaintiff's counsel was a member in good standing of the American Samoa Bar and was perfectly capable of filing the very papers he had once already attempted to file. Instead he waited well over two additional months. The court was therefore correct in refusing to order the certification and transmission of a record on appeal, and in denying counsel's various attempts to secure a reconsideration of the initial refusal.

## III.  THE CIVIL ACTION

On October 21, 1981, the plaintiff effected service against the present defendants in a civil action arising out of the same accident that was the basis of the Workmen's Compensation Commission award. We note that the civil action was almost certainly barred by the two-year statute of limitations, since the accident had happened on or about October 2, 1979, and there is no suggestion in any of the pleadings of special circumstances that would have caused the action not to accrue until later. The statute of limitations was pleaded as an affirmative defense, but the court never had to rule on it because the case was dismissed instead for failure on the part of plaintiff's counsel to prosecute it.

The order of dismissal was rendered on December 11, 1985, pursuant to an order of June 21, 1984, that the case would be dismissed unless good cause to the contrary should be shown by July 20, 1984.  Plaintiff's local counsel in American Samoa had responded with an affidavit to the effect that "the matter should go to trial, all things being considered, in October or November of 1984." When counsel did not in fact move to set the case for trial during those months or submit any explanation whatever during the eighteen months between June 1984 and December 1985, the court dismissed the case.

Upon receiving notice of the dismissal, Mr. Rohlfing moved for a reconsideration. The basis for this motion was that Mr. Rohlfing had not been personally informed of the June 21 order. Mr. Rohlfing had, however, joined local counsel who had appeared on a number of occasions on behalf of Mr.

Kaho. Notice to local counsel was therefore entirely appropriate.

As is his wont, Mr. Rohlfing also sent personal letters to the Clerk of Courts and to the trial judge. In the letter to the Clerk he apprised the Court for the first time of his contention that the case had been automatically stayed during 1984 and 1985 on account of the bankruptcy of Continental Airlines, a co-defendant along with the present defendants. (Plaintiff voluntarily dismissed the case against Continental after a settlement was reached.)

Mr. Rohlfing submitted no authority, however, for the proposition that the automatic stay of suits against parties in bankruptcy proceedings provided by 11 U.S.C. 362 also operates to stay proceedings against solvent co-defendants. The United States Courts of Appeal that have considered the question are uniformly of the opinion that it does not. See <u>Fortier v. Dona Anna Plaza Partners</u>, 747 F.2d 1324 (10th Cir. 1984); <u>Williford v. Armstrong World Indus., Inc.</u>, 715 F.2d 124 (4th Cir. 1983); <u>Wedgeworth v. Fibreboard Corp.</u>, 706 F.2d 541 (5th Cir. 1983); <u>Austin v. Unarco Indus., Inc.</u>, 706 F.2d 1 (1st Cir. 1983); <u>Pitts v. Uarco Indus., Inc.</u>, 698 F.2d 313 (7th Cir. 1983); <u>Lynch v. Johns-Manville Sales Corp.</u>, 710 F.2d 1194 (6th Cir. 1983). At any time between 1981 and 1985, therefore, Mr. Rohlfing was free to press his client's suit against the present defendants. The court was well within its discretion in dismissing the action for his failure to do so. See <u>Link v. Wabash Ry. Co.</u>, 370 U.S. 628 (1962).

In his letter to the trial judge, Mr. Rohlfing stated that his co-counsel in American Samoa had been "principal counsel when the failure to respond to your notice of potential dismissal occurred" but was "no longer a co-counsel for the Plaintiff in this matter." He requested that the hearing on his motion for reconsideration, scheduled for February 18, 1986, "be handled by conference telephone call." Mr. Rohlfing did not explain why, if local counsel and not Mr. Rohlfing had been the client's "principal counsel," the Court should give legal effect to a dismissal of the principal counsel signed by another counsel but not by the client. (Subsequent to the February 18 hearing, a dismissal of local counsel signed by the client on March 4 was filed with the Court.) Nevertheless, the court attempted to accommodate Mr. Rohlfing: the trial judge's notes, which he inserted in the case file,

reflect that he called Mr. Rohlfing's office on February 13 and was told that Mr. Rohlfing was out of town until February 18. The judge asked Mr. Rohlfing to call back, but Mr. Rohlfing did not call on the 18th. The motion to reconsider was therefore heard on the basis of Mr. Rohlfing's written submissions and the arguments of local counsel. The motion was taken under advisement, however, pending the expected call from Mr. Rohlfing.[1]

Mr. Rohlfing subsequently communicated with the Clerk, apparently by telephone, in or around June of 1986. The Clerk told him the case had been taken under advisement. In October 1986 Mr. Rohlfing wrote another letter to the trial judge. On November 10, 1986, he filed a second motion to set aside the order of dismissal, alleging no grounds other than those already discussed. The motion was denied after a hearing on December 23. (Mr. Rohlfing asserts that he waited for the court to call him on December 23 and then attempted to call the court several times during the day. The record reflects that the judge and the other attorneys were in court for the December 23 hearing, and the present writer has been assured by court personnel that all High Court telephones were being answered at all times between 7:30 a.m. and 4:00 p.m. Although Mr. Rohlfing has asserted that he has been "a victim of polynesian communications" during the course of this case, he was always free to circumvent such problems by appearing personally in court on behalf of his client, as is the general custom in American Samoa and elsewhere. In any case, his motion was so clearly without merit that oral argument could not have made a difference.)

---

[1]. The transcript of the February 18, 1986, hearing reflects the judge's decision that "I'll take the thing under advisement because Rohlfing has written. We'll listen to what he has to say on the telephone and decide it." Mr. Rohlfing's letter of October 18, 1986, however, indicates that his office did give him the message that Judge Murphy had called, "but not until subsequent to the hearing date of February 18th. Accordingly, I had assumed that in due course I would receive a written order/decision on the motion." This dogged determination to regard the ball as in someone else's court is the hallmark of Mr. Rohlfing's conduct of these cases.

The Motion for Reconsideration of Order Denying Plaintiff's Second Motion to Set Aside Dismissal is denied.

## CONCLUSION

Mr. Rohlfing's memoranda contain the suggestion that if the High Court does not reopen these cases his client's constitutional right to due process of law will have been denied. On the contrary, the court seems to have afforded over the years a good deal more process than was due. Although it is always advisable in any jurisdiction for a lawyer operating from another place to join local co-counsel, this court has tried to accommodate those off-island lawyers who choose not to do so. Such arrangements can work, but only if the off-island lawyer is willing to exert somewhat more than the usual diligence. In this case the client's procedural problems arose from the lawyer's unusually casual attitude toward the case.

The motions are denied.