JOANOS, Judge.
Appellant Alphonso McCray filed a complaint alleging that a Satisfaction of Mortgage bearing his forged signature has been recorded in the public records of Alachua County, Florida. He sought various remedies against the appellees. The appellees were dismissed as parties to the proceedings by the trial court.
McCray appeals several orders,[1] and raises the following issues for our review: I. *1133 whether a mortgage lien on realty in favor of appellant, Alphonso McCray, survived the discharge in bankruptcy of Nicholas Skolsky, n/k/a Nicholas Charles Adams, without an application to the bankruptcy court, and without a violation of the bankruptcy automatic stay; II. whether Skolsky is an indispensable party; III. whether Helen Skolsky, n/k/a Helen Cecilia Brourton Adams, Ronald and Marilyn Palumbo, George H. Rowe, Jr., and Timothy and Janie McCluney, as co-defendants below, have a cause of action for contribution against Skolsky until they have paid the plaintiff or have had a judgment rendered against them; IV. whether Timothy and Janie McCluney, and the Century Bank of Gainesville, n/k/a the American National Bank, were improperly dismissed as defendants; V. whether the trial court misconstrued 11 U.S.C. section 727 when it held that the federal bankruptcy court has retained jurisdiction over Skolsky with regard to a determination of alleged fraud as claimed by McCray. We affirm on all points and on all orders appealed.
On November 3, 1978, certain property was conveyed to the appellant McCray by a contract for deed. On November 7, 1980, appellant assigned the contract for deed to Helen and Nicholas Skolsky, and Ronald and Marilyn Palumbo. At that time, the Skolskys and Palumbos executed a mortgage on the property and promissory note in favor of McCray.
On May 2, 1981, the Skolskys and the Palumbos allegedly, according to the complaint, had McCray’s name forged to a satisfaction of mortgage. (The record contains a sworn affidavit, in which a gra-phoanalyst [hand writing expert] concluded that the signature of McCray on the satisfaction was not McCray’s handwritten signature.) It is asserted that Nicholas Skol-sky and Ronald Palumbo witnessed the satisfaction and Nicholas Skolsky had his business associate, George Rowe, Jr., notarize the satisfaction. The satisfaction of this mortgage was recorded in the public records of Alachua County, Florida. Following this recording, various title transactions occurred involving Helen Skolsky, and the American National Bank, until ultimately the property was conveyed, on November 17, 1982, to appellees Timothy and Janie McCluney. The McCluneys took the realty subject to a mortgage and note in favor of the American National Bank.
Nicholas Skolsky filed for bankruptcy and was discharged on February 28, 1983. One of the debts discharged was the principal sum of $25,647.35, plus interest, owed to appellant McCray under the promissory note in question.
When McCray filed the suit involved here on May 10, 1985, he did not join Skolsky. Appellant McCray sought to void the allegedly fraudulently forged satisfaction of the mortgage given to him by the Skolskys and Palumbos. He also attempted to proceed in rem to foreclose on the mortgage against the present owners. He sought damages for fraud against four of the five alleged co-conspirators to the forgery; Helen Brourton Adams (Skolsky), Ronald and Marilyn Palumbo, and George Rowe, Jr.
On October 16, 1985, appellant filed an amended complaint joining Skolsky and the American National Bank. Both Skolsky and the American National Bank were served on October 21, 1985.
It was argued to the trial court that 1) the automatic stay pursuant to 11 U.S.C. section 362 prevented the trial court from allowing Skolsky to be joined; 2) appellant was required to seek approval of the U.S. Bankruptcy Court before he could take action against Skolsky in State court; and, 3) Skolsky is an indispensable party to this action. The trial court ultimately ruled against appellant by dismissing all parties except Helen Skolsky (Adams).
In dismissing the parties, the trial court apparently reasoned that the automatic stay issued in bankruptcy court pursuant to 11 U.S.C. section 362 was still in effect as to Skolsky, and that the bankruptcy court had retained jurisdiction over Skolsky and the subject matter after it discharged him in bankruptcy pursuant to 11 U.S.C. section 727. The court found Skolsky to be *1134 an indispensable party not properly joined, which required dismissal of the appellees.
We affirm the trial court’s order dated September 9, 1986, because the trial court lacked jurisdiction over Nicholas Skolsky and because Skolsky was an indispensable party. According to 11 U.S.C. section 362 of the bankruptcy code,[2] the stay of actions such as that involved in this proceeding continued until the time the case was closed or dismissed. Under some circumstances the stay may have ended at the time that the bankruptcy proceeding was concluded. However, under the circumstances here, the bankruptcy court kept continuing exclusive jurisdiction over Skol-sky in regard to the subject of this proceeding.
In his amended complaint, appellant names Nicholas Skolsky and alleges that he: 1) executed a mortgage deed and promissory note to him in the amount of $25,-647.35, 2) jointly or severally, with consent and knowledge, fraudulently had a Satisfaction of Mortgage executed by having appellant’s signature forged on the satisfaction document, and, 3) fraudulently recorded the document. Further, although expressing that, due to Skolsky’s discharge in bankruptcy he cannot recover money damages from him, appellant sues Skolsky for rescission of the satisfaction of the mortgage (excepting costs and attorneys fees against him). In addition appellant again names Skolsky and charges him with defaulting on the mortgage through anticipatory breach, and seeks to ultimately recover the property.
We agree with appellees’ argument that the amended complaint clearly indicates appellant’s intention to establish Skolsky’s personal liability as being a participant in the offenses of fraud alleged. The Discharge of Debtor Order concerning Skol-sky, issued by the bankruptcy court, and the pertinent sections of the bankruptcy code, have convinced us that the bankruptcy court retained exclusive jurisdiction over all claims against Skolsky that seek a determination of personal liability for fraud.[3]
*1135 According to the legislative history of the pertinent sections of the code:
Subsection (c) [of § 523][4] requires a creditor who is owed a debt that may be excepted from discharge under paragraph (2), (4), or (6) (false representations ...). to initiate proceedings in bankruptcy court for an exception to discharge. If the creditor does not act, the debt is discharged.
See A. Herzog, and L. King, Collier Pamphlet Edition Bankruptcy Code, 216 (1987) (emphasis supplied).
In order to seek redress against Skolsky, appellant should have pursued the remedy available to him in federal court, or should have asked permission of the bankruptcy court to relinquish jurisdiction so that he could proceed in state court on the fraud claims which may have led to the foreclosure action. The record reveals that appellant let a year go by without pursuing either of these available procedures which would have provided a resolution of his legal question. Not until July 3, 1986, in his motion for rehearing, did appellant indicate that he would “file an appropriate pleading with the Federal Bankruptcy Court to determine whether Nicholas Skolsky ... can be properly joined, under what circumstances and for what matters.,” However, by September 9, 1986, when the trial court ruled on appellant’s motions he had still not approached the bankruptcy court on these matters. Appellant had legal recourse but, for whatever reason, chose not to pursue the route available to him which would have possibly brought Skolsky within the trial court’s jurisdiction.
We turn now to a discussion of the determination that Skolsky was an indispensable party. Appellant argues, in effect, that his lien involved on the realty survived the bankruptcy and could be the subject of a suit in state court without Skolsky’s presence. We disagree. Appellant does not at this point have a lien. As appellant repeatedly admits, he must establish that his signature was fraudulently placed on the satisfaction document before he can foreclose on the mortgage. Until that is accomplished, there is no lien. The cases cited by appellant suggesting a contrary view are distinguishable.[5] They involved the issue of survivability of liens, and here, appellant had not yet progressed to the point where he had a lien. The cases cited by appellant did not involve a two step process which includes proving fraud before establishing the survivability of a lien after bankruptcy discharge. Further, most of the plaintiffs in the cases cited, unlike appellant, pursued their suits in bankruptcy court, where, as appellees argue, appellant should have first pursued his claim with regard to Nicholas Skolsky.
In establishing that appellant’s signature was fraudulently placed on the *1136 satisfaction, Skolsky is an indispensable party. The record reveals that the documents in question, the mortgage contract, promissory note, and mortgage satisfaction, do bear Nicholas Skolsky’s signature. Appellees persuasively contend that in a “suit to reform a written instrument, all persons interested in the subject matter of the litigation, whether their interest is legal or equitable, should be made parties so that the court may settle all rights at once thereby preventing multiplicity of suits.” Bevis Construction Company v. Grace, 115 So.2d 84, 85 (Fla. 1st DCA 1959). In Pyeatt v. Cullen, 454 So.2d 17 (Fla. 3rd DCA 1984), the trial court dismissed an action to reform a mortgage because the suit was against a corporation owned in part by a woman who was not a party to the lawsuit. Here we find that, although appellant did serve Skolsky, because the trial court lacked jurisdiction over a person where it has been expressly denied (below as a result of the bankruptcy court’s express reservation of jurisdiction), Skolsky was not in effect made a party to the lawsuit. 13 Fla.Jur.2d § 26 Courts and Judges. Also, we find that Leatkerwood v. Royal Oaks Rentals, 473 So.2d 721 (Fla. 4th DCA 1985), cited by appellant as supplemental authority, does not apply for therein it was only a defect in service that was contested.
In one count of his amended complaint appellant seeks rescission of the satisfaction that Skolsky was allegedly responsible for, which ostensibly released Skolsky from his mortgage obligation. Also, as appel-lees asserted, Skolsky is still grantor of a mortgage deed, maker of a promissory note, assignee (and now assignor) of a contract for deed, and beneficiary of and witness to a mortgage release, with rights and duties stemming from his participation in these transactions. “The general rule is that where rights sued upon arise from a contract all parties to it must be joined. ... Where there is an assignment of contractual rights, an assignee must be joined in an action which may impact on the as-signee’s rights.” 59 Am.Jur.2d Parties § 113. Whatever determinations the court made as to validity of these transactions would be incomplete because Skolsky will not be bound, nor will his interest or rights in the property be adjudicated.
Even if, as appellant contends, this action cannot affect Skolsky as he has no express interest in the property itself, we agree with the argument of appellee Rowe (the notary on the Satisfaction) that appellant’s complaint alleges not only intentional tort, but also in the alternative, negligence. Therefore, a jury could find Skolsky intentionally, or negligently misled Rowe, Jr., as notary, thereby giving Rowe, Jr., a claim against Skolsky. Section 768.-31 Florida Statute (1985), provides that, “when two or more persons become jointly or severally liable in tort for the same injury to ... property, ... there is a right of contribution among them even though judgment has not been recovered against all or any of them.” Further, we agree with Rowe’s assertion that any liability, and degrees thereof, as to the alleged fraudulent signing and recording of the Satisfaction should be established in a single trial, and that to prevent multiple suits with possible inconsistent results is exactly the purpose behind the indispensable party doctrine. Further, as appellees contend, it was within the trial court’s discretion in attempting to avoid the necessity of multiple suits, to determine that, if not an indispensable party, Skolsky is a necessary party that the court believes should be present before it issues a ruling resolving the issues raised in the amended complaint. 39 Fla.Jur.2d Parties § 14. See also Carter v. Howarth, 285 So.2d 442 (Fla. 1st DCA 1973).
We found cases cited by appellant on this point distinguishable and unpersuasive.[6] Johns-Mansville is a suit for declaratory relief in bankruptcy court where the co-defendants to the one discharged in bankrupt *1137 cy urged the court to use its discretionary powers to include them under the penumbra of section 362 automatic stay protection. The bankruptcy court concluded that section 362 is limited in scope to the debtor and does not operate to stay actions against the co-defendants of this debtor. 26 B.R. at 414. We note that seeking relief in the alternative, the co-defendants in Johns-Mansville requested the bankruptcy court to lift the automatic stay provision as it applied to the debtor, the point being that the bankruptcy court was approached for a ruling on these issues, unlike in the instant case. It may be that, as in In re McGraw, 18 B.R. 140 (Bankr.W.D.Wisc.1982) (cited p. 419 in Johns-Mansville), the bankruptcy court, if asked, would have granted Skol-sky’s release from its exclusive jurisdiction because appellant only seeks money damages from the co-defendants, as in McGraw. But again, our reading of the pertinent bankruptcy code reveals that the burden was on appellant, even in an action for declaratory relief, to approach the bankruptcy court in the manner of the parties in the cases cited above.
Further, we disagree with appellant’s argument that, because appellees’ right of contribution will not arise until they have paid off a judgment against them, they do not have any ripe claims now, and therefore, cannot be harmed by the continuation of this litigation without Skolsky. Appellant’s focus is misplaced, for he ignores the situation that these same parties must be subjected to, first his litigation to establish fraud, and then if fraud is established, his foreclosure proceedings, forcing them to defend their rights in what are already lengthy legal proceedings. Then he suggests that they will not be harmed by having to separately pursue their legal rights against Skolsky after appellant’s own action is resolved. Again, it appears that this duplication of judicial and litigant effort is exactly what the doctrine of joinder was designed to prevent.
As to issue IV, the trial court treated the McCluneys’ and the American Bank’s motions to dismiss as motions for Judgment on the Pleadings in the interest of judicial economy, and the record supports the court’s statement in its order that a full and complete opportunity was offered to appellant to present his arguments on this issue at the hearing on the motion for rehearing held September 3, 1986.
Rule 1.140(h) Florida Rules of Civil Procedure provides that a defense of failure to join an indispensable party may be raised in a motion for judgment on the pleadings. Appellant has failed to show how he was prejudiced by the trial court’s actions, and has not established that the trial court abused its discretion by treating the appel-lees’ motions to dismiss as motions for judgments on the pleadings.
Also, on appeal appellees Rowe and Palumbo argue that the Satisfaction allegedly fraudulently signed, was recorded on May 22, 1981, and Skolsky was not served until October 21, 1985, after the four year statute of limitations for fraud or to rescind a contract had expired. See §§ 95.11 (3)(j) and (i), Florida Statute (1985). However, we decline to address this issue because the record reveals that this affirmative defense was not raised below, and was not ruled on by the trial court.
Appellees McCluneys and the American National Bank point out correctly that 11 U.S.C. Section 727 (b) provides that:
EXCEPT AS PROVIDED IN SECTION 523 of this title, a discharge under section (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter ... (emphasis supplied).
The trial court did not err by finding he lacked jurisdiction over Skolsky based on the above provision of 11 U.S.C. section 727 in combination with the order of the bankruptcy court whereby that court clearly retained exclusive jurisdiction over Nicholas Skolsky. We did not find that either section 523 or section 727 of the bankruptcy code provided for the exception that appellant seeks to carve out which would allow him to proceed against Skolsky independently of the bankruptcy court, and we find that without Skolsky as a party to the suit, appellant cannot proceed in the trial *1138 court. Therefore, we affirm the orders of the trial court which are challenged on appeal.
Affirmed.
SMITH, C.J., and WENTWORTH, J., concur.

. Orders dismissing defendants George Rowe, Ronald and Marilyn Palumbo, Timothy and Janie McCluney, and the American National Bank; Order denying appellant’s motion for summary judgment, and motion to strike additional affirmative defenses; Order denying rehearing of dismissal of defendant Rowe; Order denying rehearing of dismissal of defendants Palumbo; Order denying appellant's motion to strike Skolsky’s special appearance of his counsel and challenge to jurisdiction and finding *1133 that the trial court lacked jurisdiction over Nicholas Skolsky.

. Section 11 U.S.C. section 362 provides in pertinent part:
§ 362. Automatic stay.
(a)Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(c) Except as provided in subsections (d), (e), and (f) of this section.—
(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
(2) the stay of any other act under subsection (a) of this section continues until the earliest of—
(A) the time the case is closed;
(B) the time the case is dismissed; or
(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the tíme a discharge is granted or denied, (emphasis supplied).

. The Discharge of Debtor Order on Nicholas Skolsky issued by Judge Sauls of the Bankruptcy Court in the Northern District of Florida, dated February 28, 1983 provides as follows:
DISCHARGE OF DEBTOR
It appearing that the person named above has filed a petition commencing a case under title 11, United States Code on 10/15/83, that an order for relief was entered under chapter 7 and that no complaint objecting to the discharge of the debtor was filed within the time fixed by the court [or that a complaint objecting to discharge of the debtor was filed and, after due notice and hearing, was not sustained], it is ordered that
1. The above-named debtor is released from all dischargeable debts.
2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:
(a) debts dischargeable under 11 U.S.C. § 523;
(b) unless heretofore/or hereafter determined by order of this court to be nondis-chargeable, debts alleged to be excepted from discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523(a);
(c) debts determined by this court to be discharged under 11 U.S.C. § 523(d).
*1135 3.All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process to collect such debts as personal liabilities of the above-named debtor, (emphasis supplied).

.11 U.S.C. § 523 of the Bankruptcy Code provides in pertinent part:
§ 523. Exceptions to discharge.
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider’s financial condition;
(c) Except as provided in subsection (a)(3)(B) of this in [sic] section, the debtor shall be discharged from a debt of a kind specified paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

.In re Weathers, 15 B.R. 945 (Bankr.D.Kan.1981); Long v. Bullard, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886); In the Matter of Tarnow, 749 F.2d 464 (7th Cir.1984); In re Atoka Agricultural Systems, Inc. v. United States of America, 39 B.R. 474 (Bankr.E.D.Va.1984).

. Farish v. Banker Multiple Line Insurance Company, 425 So.2d 12 (Fla. 4th DCA 1982), aff’d in part and quashed in part, Bankers Multiple Line Insurance Company v. Farish, 464 So.2d 530 (Fla.1985); Pitts v. Unarco Industries, Inc., 698 F.2d 313 (7th Cir.1983); In the Matter of Johns-Manville Corporation, 26 B.R. 405 (U.S. B.C.S.D. N.Y.1983), affirmed 40 B.R. 219 (S.D.N.Y.1984).