In re **HIDDEN POINTE PROPERTIES, L.P.,**
Debtor.

**Wilmann LLC, Plaintiff,**

v.

**Alexander Properties Group, Inc., Kay Borders d/b/a Borders 'N' Blooms Landscaping, and Borders 'N' Blooms Landscaping, Inc., Defendants.**

Bankruptcy No. 04–65132.
Adversary No. 05–6197.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 20, 2005.

Louis G. Mcbryan, Macey Wilensky Cohen Wittner & Kessler, John A. Christy, J. Carole Thompson Hord, Schreeder, Wheeler & Flint, LLP, Atlanta, GA, for Debtor.

## ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

JAMES E. MASSEY, Bankruptcy Judge.

On May 27, 2005, Plaintiff Wilmann LLC filed this adversary proceeding and a motion for a preliminary injunction "extending" the automatic stay to protect Wilmann from claims made against it by Defendants in state court cases. Alternatively, Plaintiff seeks an order pursuant to section 105 of the Bankruptcy Code enjoining Defendants from continuing their lawsuits against Plaintiff. (Since the filing of the complaint initiating this adversary proceedings, the Borders Defendants have dismissed their state action against Wilmann.) Defendants are creditors of Debtor Hidden Pointe Properties, L.P. The Court held a hearing on the motion for a preliminary injunction on June 14, 2005.

The complaint filed in state court by the Borders Defendants against Wilmann and the counterclaim against Wilmann filed by Alexander Properties Group, Inc. ("APG") in a different case contain identical language that was the catalyst for the filing of this adversary proceeding. Both pleadings allege:

> Wilmann, LLC is a limited partner of the Hidden Pointe Properties, LP. Despite being a limited partner of Hidden Pointe Properties, LP, Wilmann, LLC, through its principals, D. Curtis Mann and Donald Williams, assumed the role and duty of a general partner.

> Wilmann, LLC, through Mann and Williams, actively participated in the management and operation of the Hidden Pointe Apartments. They actively and aggressively directed and made material and significant decisions for the partnership, including, but not limited to, efforts to sell the apartments, market the project and manage and direct its daily operations.

> By virtue of the foregoing and in direct contravention of the limited partnership agreement of Hidden Pointe Associates, LP and Georgia law, Wilmann, LLC assumed the role of a general partner and is jointly and severally liable with Hidden Pointe Properties, LP for all of its debts and obligations, including the debt to the Plaintiff herein.

Complaint, p. 36, 40 (document no. 1). Wilmann does not claim to be a creditor of Debtor, and Debtor has not listed Wilmann as a creditor or as a general partner in its bankruptcy filings.

Based on the allegations in the state court pleadings, Wilmann contends that APG's complaint alleges that Wilmann is Debtor's alter ego, that the claim asserted by APG is property of Debtor's estate, and that Debtor has the exclusive right to bring an alter ego action against one of its principals. The legal authority for this proposition cited by Wilmann is the Georgia Supreme Court's decision in *Baillie Lumber Co. v. Thompson,* 279 Ga. 288, 612 S.E.2d 296 (2005) in which the Georgia Supreme Court answered in the affirmative the question, which the Eleventh Circuit Court of Appeals certified in *In re Icarus Holding, LLC,* 391 F.3d 1315 (11th Cir.2004), whether a corporation could bring an alter ego case against its principal. Wilmann asserts that the Court should "extend" the automatic stay under 11 U.S.C. § 362 to protect Wilmann.

■ Wilmann has misstated what the state court pleadings say. The state court

complaints do not assert that Wilmann is the alter ego of Hidden Pointe. They allege that it is a general partner of Hidden Pointe. If so, it would be liable for the partnership debts, but not the alter ego of Hidden Pointe—the same entity as Hidden Pointe—merely because it is a general partner.

Wilmann's legal analysis is also off-base. Unlike the plaintiff in the *Icarus* case who admitted to being a principal of the debtor and was participating in the reorganization, Wilmann claims not to be a principal of the Debtor and has nothing to do with Hidden Pointe's bankruptcy case. The debtor in *Icarus* was a corporation. Debtor here is a limited partnership. Hence, the cases on which Wilmann relied are inapposite to the facts here and do not control this case. (This Court is not saying, however, that a Chapter 11 trustee for a partnership could never have a claim for contributions against general partners.)

■■■ As a general proposition, the automatic stay does not protect general partners.

It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants. *See, e.g., Fortier v. Dona Anna Plaza Partners,* 747 F.2d 1324, 1329–30 (10th Cir.1984); *Williford v. Armstrong World Indus., Inc.,* 715 F.2d 124, 126–27 (4th Cir.1983); *Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194, 1196–97 (6th Cir.1983); *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 544 (5th Cir. 1983); *Austin v. Unarco Indus., Inc.,* 705 F.2d 1, 4–5 (1st Cir.), cert. denied, 463 U.S. 1247, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983); *Pitts v. Unarco Indus., Inc.,* 698 F.2d 313, 314 (7th Cir.1983) (per curiam). *Teachers Ins. and Annuity Ass'n of America v. Butler,* 803 F.2d 61, 65 (2nd Cir. 1986). Wilmann has not shown that there is any reason to protect general partners of Hidden Pointe from claims of creditors. *In re Granite Partners, L.P.,* 194 B.R. 318, 339 (Bankr.S.D.N.Y.1996), the Chapter 11 trustee brought an action against third parties who were suing the debtor's sole general partner to enjoin such actions on the ground that the claims asserted were property of the estate. That court denied the relief sought because there was no showing that the general partner had assets or had made any commitment to fund the plan so that those assets needed protection and because the trustee had not sued the general partner. Hence, it does not follow that if a debtor partnership had a claim against its partners, it is always appropriate to stay creditor actions against those partners.

■■ To obtain a preliminary injunction, Wilmann must satisfy four prerequisites:

"(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant, and (4) that granting the injunction would not disserve the public interest."

*Am. Red Cross v. Palm Beach Blood Bank, Inc.,* 143 F.3d 1407, 1410 (11th Cir. 1998). Wilmann acknowledged these requirements in its brief but has not satisfied any of them.

To be successful on the merits, Wilmann would have to show that it is more likely than not that it would be found to be a general partner of Debtor. But Wilmann denies (under oath by virtue of the verification to the complaint) that it has any liability to any creditor of Debtor. For purposes of the motion, the Court must accept that fact. Wilmann has made no showing that APG (or Debtor for that matter) would have any success in proving

that it became a defacto general partner of Hidden Pointe. If it is not a general partner, it is not entitled to injunctive relief from this Court because the outcome of state court litigation could have no effect on Debtor's estate, Debtor or creditors.

Nor has it shown that it would suffer irreparable injury. If it were held liable to APG because it was a general partner, the obligation to pay a debt for which it is liable could not be characterized as an "injury." Wilmann argues that if APG wins its claim in state court, an unequal distribution to other creditors might result. But if so, that result would not adversely affect Wilmann in any way because it is not a creditor. If Wilmann is not a general partner, it will incur costs in defending itself that it would not otherwise have incurred. But that outcome would have no effect on, or relevance to, this case, thereby depriving the Court of any jurisdiction to prevent it. *In re Boone*, 52 F.3d 958 (11th Cir.1995).

Wilmann has made no attempt to satisfy the third leg needed to support a preliminary injunction which is a showing that the threatened injury to it outweighs the harm an injunction might cause. It cannot satisfy that element because it can show no threatened injury that this Court has jurisdiction to try to prevent. On the other hand, if it is a general partner (and the Debtor or a trustee never sues), has only enough assets to satisfy APG's claim and dissipates those assets before APG could attach them, the damage to APG would be irreparable.

Finally, Wilmann has not and cannot show that the public interest would not be harmed by granting such an injunction. It would not be in the public interest for a bankruptcy court to grant injunctive relief on the facts here because it would be an abuse of power.

The complaint fails to state a claim for relief because Wilmann can show no harm to it, whether or not it is a general partner of Hidden Pointe. To the extent that Wilmann seeks to vindicate the rights of creditors of Debtor other than APG, it lacks standing to do so. It is not a creditor of Hidden Pointe and has no direct interest in the distribution of the assets of the estate based on its own analysis of its legal relationship to the Debtor. It has not shown that Debtor has assets of such value that upon liquidation or reorganization, general or limited partners would receive anything of value. Hence, Wilmann has no financial stake in the answer to the question of whether or not Hidden Pointe should be the one pursuing the claim that Wilmann is a general partner. By stark contrast in the *Icarus* case, the plaintiffs, the debtor and the principal who did not deny he was a principal, had standing because both had a financial interest in preserving debtor's assets, even if the debtor and the principal disagreed about whether the alter-ego claim against the principal was a valuable asset.

The filing and prosecution of this proceeding reflects an error in legal judgment. The commencement and continuation of this proceeding probably constitute a violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure. For the benefit of Wilmann, this rule empowers a court to impose monetary and other sanctions on a party, as well as its attorneys, for filing pleadings that have no proper factual or legal basis. If this litigation were to continue, the Court would consider this issue further.

For these reasons, it is

ORDERED that Wilmann LLC's motion for a preliminary injunction is DENIED.